# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 09-00248-TLM** |
| **BARRYNGTON EUGENE SEARCY,** ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| _____ ) | |
| ) | |
| **ADA COUNTY PROSECUTING** ) | |
| **ATTORNEY'S OFFICE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Adv. No. 09-06082-TLM** |
| ) | |
| **BARRYNGTON EUGENE SEARCY,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

Before the Court is an adversary proceeding in which the Ada County Prosecutor's Office ("Ada County") seeks to except from discharge under § 523(a)(7) and (a)(17) costs and attorney's fees awarded against Barryngton Searcy ("Debtor").[1] This Memorandum of Decision disposes of the matter and

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Code"), and all rule references are to the Federal Rules of Bankruptcy Procedure 1001–9037.

MEMORANDUM OF DECISION - 1

constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

**FACTS**

Debtor is currently serving a fixed life sentence at the Idaho Department of Corrections. While in prison, Debtor filed a June 14, 2006, civil complaint in the Ada County District Court for the State of Idaho against, among others, Ada County and several of its employees ("Ada County Defendants"). Debtor's complaint, as amended, alleged negligence and intentional infliction of emotional distress, and sought a declaratory judgment stating that the named defendants had violated Debtor's rights.

On March 17, 2007, the state court dismissed two of Debtor's claims pursuant to Idaho R. Civ. P. 12(b)(6) and Idaho Code § 31-3220A(14), finding that they were frivolous and failed to state a claim upon which relief could be granted. *See* Ex. 100.[2] On April 5, 2007, the state court granted summary judgment to the Ada County Defendants on the remaining claims, finding those claims to be frivolous as well. Shortly thereafter, the Ada County Defendants requested, and the state court awarded them, attorney's fees under Idaho Code § 31-3220A(16) in the amount of $7,944. *See* Ex. 103.

---

[2] At the beginning of trial, Exhibits 103 and 105 were admitted by agreement, and Exhibits 100, 102, 104, 106, and 107 were admitted over Debtor's objection. No further evidence was presented by either party.

MEMORANDUM OF DECISION - 2

Debtor appealed the district court's dismissal and summary judgment orders. In August 2008, the Idaho Court of Appeals affirmed the district court orders and concluded that the district court had properly awarded attorney's fees under Idaho Code § 31-3220A(16). *See* Ex. 104. Finding Debtor's appeal to be frivolous, the court granted Ada County costs and attorney's fees on appeal pursuant to Idaho Code § 12-121 and § 31-3220A(16). *See id.* Ada County was awarded costs of $228.00 and attorney's fees of $5,000.00, for a total award of $5,228.00. *See* Ex. 105.

On February 5, 2009, Debtor filed a voluntary petition for chapter 7 relief, with the required schedules. Ex. 106. In his schedules, Debtor disclosed total assets of $1,201.76 and listed Ada County's two judgments against him as "secured claims." *Id.* at 9 and 23. He also represented he had no income other than $0.17 in monthly interest accruing on a bank account which contained $303.58. *Id.* at 15 and 31. Debtor was granted a discharge on May 12, 2009. Doc. No. 15.[3]

On October 8, 2009, Ada County filed this adversary proceeding seeking to except from Debtor's discharge its state court and appellate court judgments under § 523(a)(7) and § 523(a)(17). Adv. Doc. No. 1. Debtor answered and

---

[3] The Court takes judicial notice of the filings of record in this adversary proceeding and in Debtor's chapter 7 bankruptcy case, Case No. 09-00248-TLM. *See* Fed. R. Evid. 201. To the extent citations to filings are deemed necessary, those in Debtor's chapter 7 case are noted as "Doc. No. __," and those in the instant adversary proceeding as "Adv. Doc. No. __."

MEMORANDUM OF DECISION - 3

asserted three counterclaims against Ada County. Adv. Doc. No. 11.
Approximately two weeks before trial, Debtor withdrew his counterclaims. Adv.
Doc. No. 35.

**DISCUSSION & DISPOSITION**

The facts material to the matters before the Court are not in dispute.
Rather, the parties differ on the legal issues presented by the undisputed facts —
that is, whether costs and attorney's fees awarded under Idaho Code § 31-3220A[4]
are excepted from discharge under §§ 523(a)(7) or (17). Ada County contends
that they are. Debtor disagrees.

**A.    Section 523(a)(7)**

Ada County first seeks to except its awards from discharge under
§ 523(a)(7). That section provides, in relevant part, that an individual debtor may
not discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture
payable to and for the benefit of a governmental unit, and is not compensation for
actual pecuniary loss." Section 523(a)(7) creates an exception to discharge for
both criminal and civil penalties. *Pennsylvania Dep't of Pub. Welfare v.
Davenport*, 495 U.S. 552, 2132 (1990); *see also United States Dep't of Housing &*

---

[4] The Court limits its analysis to Idaho Code § 31-3220A. Although the Idaho Court of
Appeals awarded attorney's fees under Idaho Code § 12-121 as well as Idaho Code § 31-3220A,
and Ada County asserts that fees awarded it under that section are also excepted from discharge
by § 523(a)(7), the § 523(a)(7) cause of action can be resolved on the § 31-3220A issues alone,
*see* discussion *infra*. Thus the Court need not, and does not, opine concerning the
dischargeability of fees and costs awarded under Idaho Code § 12-121.

MEMORANDUM OF DECISION - 4

*Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc.*, 64 F.3d 920 (4th Cir. 1995) (finding a civil judgment for disgorgement of profits under the Interstate Land Sales Full Disclosure Act nondischargeable); *United States v. WRW Corp.*, 986 F.2d 138 (6th Cir. 1993) (concluding civil penalties imposed for violations of safety standards under the Federal Mine Safety and Health Act were excepted from discharge); *Forney v. Hoseley (In re Hoseley)*, 96.1 I.B.C.R. 37 (Bankr. D. Idaho 1996) (holding that portion of civil judgment awarded under the Idaho Workman's Compensation Act was nondischargeable).

  Here, Debtor does not dispute that the awards for costs and fees are payable to and for the benefit of a governmental unit (*i.e.*, Ada County). Instead, he contends that the awards do not qualify as fines or penalties that are "not compensation for actual pecuniary loss."

  While the decisions analyzing § 523(a)(7) are legion, the seminal case is *Kelly v. Robinson*, 479 U.S. 36 (1986). In *Kelly*, the Supreme Court was tasked with determining whether a debt stemming from a state criminal restitution order was excepted from discharge by § 523(a)(7). *Id.* at 38. The Court explained that on its face § 523(a)(7) creates "a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures," provided those sanctions are payable "to and for the benefit of a governmental unit," and "not compensation for actual pecuniary loss." *Id.* at 51. Recognizing what it described as a longstanding

MEMORANDUM OF DECISION - 5

fundamental policy against federal interference with state criminal prosecutions, the Court determined that restitution orders imposed in state criminal proceedings are excepted from discharge under § 523(a)(7). *Id.* at 47–51. In so doing, it concluded that such orders are assessed not for compensation of the victim, but instead to effectuate the State's interests in rehabilitation and punishment, even where restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender caused. *Id.* at 51–53. Ultimately, the Court held that "523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50.

Relying on *Kelly*, courts have found other obligations related to criminal proceedings nondischargeable under § 523(a)(7). *See*, *e.g.*, *Thompson v. Virginia (In re Thompson)*, 16 F.3d 576 (4th Cir. 1994) (concluding that assessment of prosecution costs under state law as part of a criminal sentence was nondischargeable); *Warfel v. City of Saratoga (In re Warfel)*, 268 B.R. 205 (9th Cir. BAP 2001) (holding civil restitution judgment that was originally imposed as part of a criminal sentence nondischargeable); *Huntley v. Vessey (In re Vessey)*, 03.1 I.B.C.R. 62 (Bankr. D. Idaho 2003) (finding criminal restitution judgment calculated by reference to harm caused by the debtor, and payable to private individuals, nondischargeable).

Courts have also extended the reasoning of *Kelly* to find, for example, that

MEMORANDUM OF DECISION - 6

costs imposed in state bar disciplinary proceedings are nondischargeable under § 523(a)(7). *See, e.g., New Hampshire Supreme Court Prof'l Conduct Comm. v. Richmond (In re Richmond)*, 351 B.R. 6 (Bankr. D.N.H. 2006); *Attorney Grievance Comm'n v. Smith (In re Smith)*, 317 B.R. 302, 312 (Bankr. D. Md. 2004); *Supreme Court of Ohio v. Bertsche (In re Bertsche)*, 261 B.R. 436 (Bankr. S.D. Ohio 2000); *In re Williams*, 158 B.R. 488 (Bankr. D. Idaho 1993). These cases have largely analogized the costs imposed on disciplined attorneys in such proceedings to the costs of criminal litigation imposed on convicted criminals, noting that such proceedings, like criminal prosecutions, seek to "protect the public" by deterring similar misconduct by other attorneys and by rehabilitating the offending attorney. *See Richmond*, 351 B.R. at 12; *see also Williams*, 158 B.R. at 491.

Recently, the Ninth Circuit, in *State Bar of California v. Findley (In re Findley)*, 593 F.3d 1048 (9th Cir. 2010), addressed the nondischargeability of attorney discipline costs under § 523(a)(7). In *Findley*, the court was asked to determine whether certain amendments to the California Business and Professions Code were sufficient to render attorney disciplinary costs imposed under that statute nondischargeable, given the court's decision that such costs imposed under a previous version of the statute were not excepted from discharge by § 523(a)(7). *Id.* at 1050–51 (citing *State Bar of California v. Taggart (In re Taggart)*, 249 F.3d

MEMORANDUM OF DECISION - 7

987, 989 (9th Cir. 2001)).

In *Taggart*, the court had identified three reasons for its conclusion that an award for attorney disciplinary costs under the California statute was not a "fine, penalty, or forfeiture," but rather "compensation for actual pecuniary loss."[5] First, the court determined that the language of the statute — which imposed costs for "actual expenses" and "reasonable costs," and provided for a hardship exemption — supported the impression that the California legislature did not intend the cost awards under that statute to be a punishment. 249 F.3d at 992. Second, the court observed that it was "highly unlikely" that attorney disciplinary costs were intended to punish given the similarities between those costs and costs awarded to prevailing parties in civil litigation, which were imposed even where the losing party's claims or defenses have merit. *Id.* at 992–93 & n.6. And finally, the court concluded that the existence of a separate statutory provision authorizing discretionary "monetary sanctions" for attorney misconduct, which, based on the legislative history, was enacted in order to create the possibility of fines that did not exist under the costs provision, also indicated that costs awards under the statute were not intended to punish. *Id.* at 993.

In response to *Taggart*, the California legislature amended the California

---

[5] As is the case here, the debtors in *Taggart* and *Findley* did not dispute that their debts were payable to and for the benefit of a governmental unit. *See Taggart*, 249 F.3d at 991; *Findley*, 593 F.3d at 1051.

MEMORANDUM OF DECISION - 8

Business and Professions Code to state that costs imposed on disciplined attorneys were "penalties, payable to and for the benefit of the State Bar of California . . . to promote rehabilitation and to protect the public." *Findley*, 593 F.3d at 1052. In *Findley*, the Ninth Circuit concluded that the amendment undermined the result it reached in *Taggart*. Specifically, the court found that the amendment evidenced the California legislature's intent that attorney disciplinary costs serve penal and rehabilitative ends. *Id.* at 1053–54. Although it acknowledged that the statute retained certain elements *Taggart* had identified as suggestive of a compensatory purpose,[6] the court determined that the California legislature's express statements in the amendment demonstrated that the attorney disciplinary costs provision was enacted to serve penal, and not compensatory, ends. *Id.*

This Court concludes that the awards for costs and fees under Idaho Code § 31-3220(A)(16) in the instant case, like the attorney disciplinary costs at issue in *Findley*, are intended to be penal, rather than to provide compensation for actual pecuniary loss.

The Bankruptcy Code does not define the terms "fine," "penalty," or "forfeiture." Therefore, to determine whether a civil liability such as Ada County's awards for costs and fees constitutes a "fine" or "penalty," the Court

---

[6] The amended version of the California statute still awarded costs to reimburse the State Bar for "actual expenses" and "reasonable costs," and also continued to allow for a hardship exemption. *Findley*, 593 F.3d at 1053.

MEMORANDUM OF DECISION - 9

must begin with an examination of the statutory scheme under which the liability is imposed, and the nature or function of the liability. *See Forney v. Hoseley (In re Hoseley)*, 96.1 I.B.C.R. 37, 38 (Bankr. D. Idaho 1996).

Idaho Code § 31-3220(A)(16) provides that, with respect to a civil action[7] filed by a prisoner:

> The court shall award reasonable costs and attorney's fees to the defendant or respondent if the court finds that:
> (a) Any allegation in the prisoner's affidavit[8] is false;
> (b) The action or any part of the action is frivolous or malicious; or
> (c) The action or any part of the action is dismissed for failure to state a claim upon which relief can be granted.

Debtor argues that because the words "fine," "penalty," or "forfeiture" are not included within this provision's text, an award made under Idaho Code § 31-3220A(16) does not qualify as a "fine, penalty, or forfeiture" for purposes of § 523(a)(7). While Debtor is technically correct — the words "fine," "penalty,"

---

[7] For purposes of Idaho Code § 31-3220A, "action" includes an appeal of any civil suit, action, or proceeding. *See* Idaho Code § 31-3220A(1)(a).

[8] A prisoner who seeks to file an action with only partial court fees must file an affidavit of inability to pay all court fees at the time of filing the action, containing the following information:

> (i) The prisoner's identity; (ii) The nature and amount of the prisoner's income; (iii) The prisoner's spouse's income; (iv) The real and personal property owned; (v) His cash or checking accounts; (vi) His dependents; (vii) His debts; (viii) His monthly expenses; (ix) The nature of the action; [and] (x) The affiant's belief that he is entitled to redress[.]

Idaho Code § 31-3220A(2)(b). Additionally, the court may require the prisoner to file an affidavit that the claim has not been previously brought against the same parties or from the same operative facts in any state or federal court. Idaho Code § 31-3220A(13).

MEMORANDUM OF DECISION - 10

and "forfeiture" do not appear in Idaho Code § 31-3220A(16) — the absence of such words in the statutory text is not determinative. *See Hoseley*, 96.1 I.B.C.R. at 38. A review of the legislative history of Idaho Code § 31-3220A reveals that the intent of the Idaho legislature in enacting that statute was to deter or discourage frivolous prisoner litigation by imposing financial costs and other consequences upon inmates who file frivolous claims. 1996 Idaho Sess. Laws ch. 420 (S.B. 1394); *accord Madison v. Craven*, 105 P.3d 705, 708 (Idaho App. 2005).[9]

The language of Idaho Code § 31-3220A(16) and its legislative history thus evidence an intent to punish prisoners for frivolous litigation through the imposition of costs and attorney's fees, thereby attempting to deter future such litigation. Consequently, the Court finds that the costs and fees awarded Ada County under Idaho Code § 31-3220A(16) qualify as "penalties" for purposes of § 523(a)(7). *See Kelly*, 479 U.S. at 51 ("On its face, [§ 523(a)(7)] creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures.").

As noted by Debtor, Idaho Code § 31-3220A(16) does contain elements indicative of a compensatory function in that it provides for the reimbursement of

---

[9] The legislation of which Idaho Code § 31-3220A was part also included amendments which created the potential for institutional disciplinary action for inmates who file claims that are later determined to be frivolous or malicious. *See* 1996 Idaho Sess. Laws ch. 420 (S.B. 1394) (adding Idaho Code §§ 20-209E and 20-628, which allow for the initiation of prison or jail disciplinary action, respectively, upon a court's finding that a prisoner has filed a claim that is frivolous or malicious, or that is intended solely to harass the opposing party).

MEMORANDUM OF DECISION - 11

"reasonable" costs and attorney's fees actually incurred. However, costs and fees awarded under Idaho Code § 31-3220A(16) serve as a deterrent to frivolous litigation by prisoners. As in *Findley*, dealing with costs imposed in attorney disciplinary proceedings, the elements of Idaho Code § 31-3220A(16) suggestive of compensatory purpose do not override its penal intent.

For these reasons, the Court concludes that the costs and attorney's fees awarded to Ada County under Idaho Code § 31-3220A(16) are excepted from discharge by § 523(a)(7).

### B.    Section 523(a)(17)

Ada County also contends that the fee awards against Debtor are nondischargeable under § 523(a)(17). Section 523(a)(17) excepts from discharge any debt of an individual debtor

> for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law), or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 (or a similar non-Federal law).

Specifically, Ada County asserts that the costs and attorney's fees awarded it under Idaho Code § 31-3220A(16) are excepted from Debtor's discharge by § 523(a)(17) because Idaho Code § 31-3220A(16) is "similar" to 28 U.S.C. § 1915(b) and (f)(2).

Section 523(a)(17) was added to the Bankruptcy Code by the Prison

MEMORANDUM OF DECISION - 12

Litigation Reform Act of 1995 ("PLRA), Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321, 1321-66 to -77 (1996).[10] *See id.* § 804(b), 110 Stat. at 1321-74. In *Fry v. Hough (In re Hough)*, 228 B.R. 264 (Bankr. D. Idaho 1998), this Court construed the seemingly broad language of § 523(a)(17)[11] to except from discharge costs and attorney's fees assessed against a non-prisoner litigant under Idaho state law. *Id.* at 266. On appeal, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") reversed, holding that, although ambiguous due to poor drafting, § 523(a)(17) excepted from discharge only those fees and costs imposed on prisoner litigants under 28 U.S.C. § 1915(b) and (f). *Hough v. Fry (In re Hough)*, 239 B.R. 412, 416 (9th Cir. BAP 1999). The BAP observed that when § 523(a)(17) was read with the knowledge that 28 U.S.C. § 1915(b) and (f), to which the statute expressly referred, did not deal with assertions of poverty, that

---

[10] The PLRA was included as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-34, 110 Stat. 1321 (1996).

[11] As originally enacted, § 523(a)(17) provided as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt —
. . .
(17) for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under section 1915(b) or (f) of title 28, or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 . . . .

11 U.S.C. § 523(a)(17) (1997).

MEMORANDUM OF DECISION - 13

section lacked a plain meaning.[12] Thus, it held, the only reasonable interpretation was that the fees and costs to be excepted from discharge under that provision were those imposed by the referenced statutes — 28 U.S.C. § 1915(b) and (f). *Id.* at 416.[13]

Acknowledging the ambiguity in § 523(a)(17), Congress amended the statute in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (2005). The word "prisoner" was added to prevent § 523(a)(17) from being "construed to apply to filing fees, costs or expenses incurred by any debtor, not solely by those who are prisoners." H.R. Rep. No. 109-31, pt. 1, at 69 (2005); BAPCPA § 301(1), 119 Stat. at 75. In addition, and of significance here, the phrase "or a similar non-Federal law" was added after § 523(a)(17)'s reference to 28 U.S.C. § 1915(b) and (f)(2). BAPCPA § 301(3), 119 Stat. at 75. It is upon this language that Ada County relies.

Ada County's position presupposes an interpretation of § 523(a)(17) that

---

[12] The natural reading, given punctuation (particularly the absence of a comma between "debtor" and "under") and structure, would be to read the references to 28 U.S.C. § 1915 as relating to an assertion of poverty. *See Hough*, 239 B.R. at 415 (addressing *Walker v. Tuttle (In re Tuttle)*, 224 B.R. 606, 609 (Bankr. W.D. Mich. 1998)).

[13] The BAP's decision in *Hough* is consistent with other reported decisions discussing the scope of § 523(a)(17), as it was originally enacted. *See*, *e.g.*, *Spitz v. Tepfer (In re Tepfer)*, 280 B.R. 628 (N.D. Ill. 2002); *Tenn. Dep't of Corr. v. Farnsworth (In re Farnsworth)*, 283 B.R. 503 (Bankr. W.D. Tenn. 2002); *Tuttle*, 224 B.R. 606; *South Bend Cmty. Sch. Corp. v. Eggleston (In re Eggleston)*, 215 B.R. 1012 (N.D. Ind. 1997).

MEMORANDUM OF DECISION - 14

reads the clause "under subsection (b) or (f)(2) of section 1915 of title 28 (or a similar non-Federal law)" as limiting the antecedent phrase "fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing . . . ", rather than just the phrase "assertion of poverty." As mentioned, the BAP adopted such an interpretation in *Hough*. 239 B.R. at 415–16. BAPCPA did little to alter *Hough*'s analysis in this regard, other than to extend the statute's application to fees and costs imposed under non-Federal laws similar to 28 U.S.C. § 1915(b) or (f)(2). For example, the statute retained its explicit references to 28 U.S.C. § 1915(b) and (f)(2), neither of which addresses the assertion of poverty. Indeed, BAPCPA confirmed that § 523(a)(17) was intended to apply only to prisoner litigants. Accordingly, the Court construes § 523(a)(17) as excepting from discharge only those fees, costs or expenses imposed upon prisoner litigants under 28 U.S.C. § 1915(b) or (f)(2), or a similar non-Federal law.

The term "similar" is not defined by the Bankruptcy Code. The Court therefore looks to the ordinary meaning of that term. *See*, *e.g.*, *Ransom v. FIA Card Servs., N.A.*, ___ U.S. ___, 2011 WL 66438, at *6 (citing *Hamilton v. Lanning*, 560 U.S. ___, ___ (2010) (slip op., at 6)). "Similar" is defined as "having characteristics in common" or "alike in substance or essentials." Webster's Ninth New Collegiate Dictionary 1098 (1984). In order to determine

MEMORANDUM OF DECISION - 15

whether Idaho Code § 31-3220A(16) is "similar" to 28 U.S.C. § 1915(b) or (f)(2), as asserted by Ada County, the Court must compare the structure, nature, and purpose of those provisions.

Section 1915, title 28, of the United States Code governs federal proceedings filed by prisoners *in forma pauperis*. Originally enacted in 1948, it was amended by the PLRA in 1996, in part to respond to a perceived need to stem frivolous and abusive prisoner litigation. H.R. Conf. Rep. No. 104-378, at 166–67 (1995). To fulfill this objective, Congress amended the statute to provide disincentives to filing such actions. Among the disincentives were provisions that required prisoner litigants to pay the full amount of court filing fees and costs, in installments, despite a demonstrated inability to pay those fees and costs when assessed. PLRA § 804(a) and (c), 110 Stat. at 1321-73 to -75 (codified at 28 U.S.C. § 1915(b) (for filing fees) and (f) (for costs)).

As noted above, Idaho Code § 31-3220A was also enacted to curb frivolous and malicious prisoner litigation, and provides a number of deterrents to instigating such litigation, including a requirement that prisoner litigants pay applicable court fees in installments notwithstanding their inability to pay those fees at the time of filing, § 31-3220A(2)–(5), as well as the awarding of reasonable costs and attorney's fees against a prisoner if his action is found to be frivolous, malicious, or without merit, § 31-3220A(16). Thus, in terms of underlying purpose, Idaho Code § 31-3220(A)(16) is similar to 28 U.S.C. § 1915(b) and

MEMORANDUM OF DECISION - 16

(f)(2).

The intent of § 523(a)(17) is to except from discharge fees, costs and expenses imposed on prisoner litigants which serve as economic disincentives to filing frivolous litigation, whether those expenses are imposed under the PLRA, as codified in 28 U.S.C. § 1915, or a similar non-Federal law. The policy rationale behind this exception is readily apparent — if prisoner litigants were permitted to use bankruptcy to discharge these obligations, the economic disincentives would lose their effectiveness and the purposes of the PLRA and laws similarly intended to deter frivolous prisoner litigation, such as Idaho Code § 31-3220A(16), would be frustrated.

Given the parallelism in purpose of Idaho Code § 31-3220A(16) and 28 U.S.C. § 1915(b) and (f)(2), the Court concludes that Idaho Code § 31-3220A(16) qualifies as a "similar non-Federal law" under § 523(a)(17). That the Idaho provision adds the possible assessment of attorney's fees while the federal statutes do not is insufficient to make the state statute dissimilar. Therefore, the costs and attorney's fees awarded Ada County under Idaho Code § 31-3220A(16) are excepted from Debtor's discharge pursuant to § 523(a)(17).

**CONCLUSION**

Based on the rationale set forth above, the Court will enter judgment in favor of Ada County declaring the costs and attorney's fees awarded against Debtor under Idaho Code § 31-3220A(16) in the amount of $13,172

MEMORANDUM OF DECISION - 17

nondischargeable under both § 523(a)(7) and § 523(a)(17).

Counsel for Ada County shall submit an appropriate order.

DATED: January 12, 2011



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 18